UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY PHILIPS,

    Petitioner,

v.

REFAEL ZUNIGA,

    Respondent.

No. 2:14-cv-646-EFB P

ORDER

    Petitioner is a federal prisoner housed at the Herlong Federal Correctional Institution. He is proceeding without counsel on a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] He has paid the filing fee.

    Habeas corpus relief extends to a person in custody under the authority of the United States. *See* 28 U.S.C. § 2241(c)(1). Claims concerning the manner and execution of a prisoner's sentence are properly asserted under section 2241. *See, e.g., Tucker v. Carlson*, 925 F.2d 330, 331 (9th Cir. 1991) (stating that a challenge to the execution of a sentence is "maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241"). The Rules Governing Section 2254 Cases in the United States District Courts also apply to petitions filed under section 2241. Rule 1(b), Rules Governing Section 2254 Cases. Under Rule 4, the court may dismiss a

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to the parties' consent. E.D. Cal. Local Rules, Appx. A, at (k).

petition if it "plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." *See also* Advisory Committee Notes to Rule 8 of the Rules Governing Section 2254 Cases.   However, the court should not dismiss a petition without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

On November 13, 2012, petitioner was charged through prison disciplinary proceedings with assault and refusing an order from a staff member.  ECF No. 1 at 1-2, 14.  He received written notice of the charges that day.  *Id.* at 22.  The matter was heard by a disciplinary hearing officer on January 10, 2013.  *Id.* at 2.  Petitioner was advised of his rights by the disciplinary hearing officer on November 26, 2012.  *Id.* at 22.  Petitioner was appointed a staff representative, who appeared with petitioner at the hearing.  *Id.*  At the hearing, petitioner provided his version of the incident, submitted documentary evidence, and his requested witnesses testified on his behalf.  *Id.* at 2, 23-24.  The disciplinary hearing officer considered the evidence and found petitioner guilty of both charges.  *Id.* at 3, 24-26 (including a written statement of the evidence relied upon).  Petitioner was sanctioned through a loss of good time credits.  *Id.* at 26.  He requests that the court vacate the disciplinary sanction and restore his lost credits.  *Id.* at 6, 9.

Petitioner contends that his procedural rights to due process, as provided for in *Wolff v. McDonnell*, 418 U.S. 539 (1974), were violated because (1) the officer who investigated the incident was not properly certified, as required by the Code of Federal Regulations, and (2) that the disciplinary hearing officer credited evidence showing that petitioner was the aggressor, even though there was more evidence showing that petitioner was not the aggressor.  *Id.* at 3-9.

In the context of a disciplinary proceeding where a liberty interest is at stake, due process requires that "some evidence" support the disciplinary decision.  *Superintendent v. Hill*, 472 U.S. 445, 455 (1985).  The inmate must also receive: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Id.* at 454 (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974)).

The petition itself demonstrates that the *Wolff* requirements were met in this case, as petitioner received advance written notice of the charges, was able to call witnesses and present documentary evidence in his defense, and received a written statement by the hearing officer of the evidence relied upon and the reasons for the disciplinary action.

In addition, the determination of guilt was supported by "some evidence." According to petitioner, one officer provided the following summary of the incident prompting the charges of assault and refusing an order:

> I was directing the inmates into the chow hall for lunch. I told inmate Phillips to go to the other line, and he continued to stare at me, and refuse[d] to move. I then told Phillips that if he didn't go to the other line he could leave the chow hall. At this time Phillips yelled "get out of my face" and swung a closed fist at me.

ECF No. 1 at 6. Petitioner claims that another officer described the incident in similar terms. *Id.* at 6-7. The hearing officer cited to these officers' written reports as evidence supporting his finding of petitioner's guilt. *Id.* at 24-25. This clearly is "some evidence" that petitioner committed an assault and refused an order.

Petitioner's contention that the officer who investigated the incident was not properly certified, as required by the Code of Federal Regulations, does not amount to a due process violation. The relevant inquiry is not "whether the prison complied with its own regulations," but whether petitioner was "provided with process sufficient to meet the *Wolff* standard." *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994). In *Wolff*, the Supreme Court specifically set forth the minimal requirements that the Constitution requires to comply with federal due process standards. Petitioner's focus on an alleged violation of a federal regulation does not implicate due process concerns.

Because the petition plainly demonstrates that petitioner was provided all the process he was due, the petition must be dismissed without leave to amend.

/////
/////
/////
/////

3

1  Accordingly, IT IS HEREBY ORDERED that the petition for writ of habeas corpus,
2 pursuant to 28 U.S.C. § 2241, is dismissed and the Clerk is directed to close the case.
3 DATED: July 2, 2014.

*[signature]*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE